# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MCQUISTION, PAROLE OFFICER; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DAMIAN WEETS, POLICE OFFICER FOR THE CITY OF BROOKINGS POLICE DEPARTMENT; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND ASHLEY JOHNSON, PROPERTY MANAGER AT GREEN BRIER APARTMENTS; IN HER INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 4:19-CV-04105-RAL<br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Charles Ray Johnson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Johnson moved for leave to proceed in forma pauperis and to appeal without prepayment of fees. Docs. 2 and 3. He also moved to appoint counsel. Doc. 4. This Court ordered Johnson to submit a completed 28 U.S.C. § 2254 packet by November 25, 2019, because his complaint challenges the constitutionality of his sentence. See Docs. 1 and 10. If Johnson did not submit a § 2254 petition, this Court would screen his complaint under 28 U.S.C. § 1915A. At this time, Johnson has not submitted a completed § 2254 packet. The Court will screen Johnson's complaint under § 1915A and address his pending motions.

I.  **Motion to Proceed In Forma Pauperis**

Johnson filed a motion to proceed in forma pauperis, Doc. 2, and a prisoner trust account report, Doc. 5, showing that he presently has a balance of *negative* $9.00. Doc. 5 at 1. Johnson's average monthly deposits and average monthly balance were unreported. Id. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Johnson's prisoner trust account, this Court grants Johnson leave to proceed in forma pauperis and waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Johnson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Johnson's institution. Johnson remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## I. Allegations of Johnson's Complaint

Johnson claims that he was scheduled to be discharged from parole on June 7, 2018. Doc. 1 at 4. He alleges that his parole was automatically revoked because he did not pay his fines and fees. Id. He believes this is a violation of his due process rights. Id. Johnson also claims his Fourth Amendment rights were violated by Damian Weets, a police officer for the Brookings Police Department. Id. at 2. Johnson alleges that Ashley Johnson, property manager at Green Brier Apartments, helped Officer Weets acquire his personal information. Id. Johnson believes these actions were taken after he filed a civil complaint to request access to the courts. Id. Johnson cites 18 U.S.C. § 3651[1] and argues that this statute prohibits fees for court appointed counsel to be used as a condition of probation. Id. at 6. Johnson does not specifically request damages, but asks for this Court to set a hearing where he can address his state parole revocation and recalculate the fines, fees, and restitution. Id. at 7.

## II. Screening and Dismissal Standards

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro

---

[1] This statute has been repealed. See 18 U.S.C. § 3651.

3

se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Johnson brings his complaint under 42 U.S.C. § 1983. Doc. 1. He claims violations of the Fourth and Fourteenth Amendments. Id. at 4, 5. However, it is clear from his complaint that Johnson asserts violations concerning his underlying conviction and sentence. See Doc. 1. In Heck v. Humphrey, the United States Supreme Court held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would

4

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254,

512 U.S. 477, 486-87 (1994). "Alternatively, if his suit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that the suit does not 'necessarily imply the invalidity of his conviction or sentence.'" Dolney v. Lahammer, 70 F. Supp. 2d 1038, 1040 (D.S.D. 1999) (quoting Heck, 512 U.S. at 486.). Accordingly, this Court gave Johnson an opportunity to file a § 2254 petition to challenge his sentence, Doc. 10, but he did not do so.

Although Johnson does not specifically request damages, he asks for a hearing and "a recalculation of [his] fines, fees, and restitution." Doc. 1 at 7. Johnson challenges his underlying conviction when he claims his Fourth Amendment rights were violated by Officer Weets and Ashley Johnson. Id. at 2. Because Johnson asks for a recalculation of fines that were a part of his sentence, he essentially asks this Court to invalidate or alter his state court sentence, so his claims under 42 U.S.C. § 1983 are barred by Heck. Also, judgment in favor of Johnson would "necessarily imply the invalidity" of his conviction, sentence, and revocation; without showing that his conviction has been "reversed, expunged, validated or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this juncture." Dolney, 70 F. Supp. 2d at 1040; Heck, 512 U.S. at 486-87; see also White v. Gittens, 121 F.3d 803 (1st Cir. 1997) (barring § 1983 claim for damages and declaratory relief regarding state decision to revoke parole); Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (prohibiting § 1983 damage action challenging state parole ineligibility decision); Crow v. Penry, 102 F.3d 1086 (10th Cir. 1996) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole

5

"necessarily implies the invalidity of his parole revocation" and therefore is cognizable only in habeas corpus); Burkett v. Love, 89 F.3d 135 (3d. Cir. 1996) (ordering dismissal based on failure to exhaust state remedies of prisoner's claim that parole was denied in retaliation for prior successful habeas petition); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995); ("an action attacking the validity of parole proceedings calls into question the fact and duration of confinement" and therefore must be brought as a petition for writ of habeas corpus); Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995) (dismissing prisoner's challenge to denial of state parole). Johnson's complaint fails to state a claim upon which relief can be granted and is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Johnson names Ashley Johnson, property manager at Green Brier Apartments, in her individual and official capacity, alleging that she helped Officer Weets by providing information about him. Doc. 1 at 2. Johnson's complaint is brought under 42 U.S.C. § 1983, which prohibits deprivation of civil rights "under color of" state law. "If a party's conduct meets the requirement for state action, [under a Fourteenth Amendment analysis] the same acts also qualify as actions taken 'under color of state law' for purposes of § 1983." Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982)).

The United States Supreme Court has "recognized a number of circumstances in which a private party may be characterized as a state actor[.]" Wickersham, 481 F.3d at 597 (citing Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 291 (2001); Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974); Adickes v. S.H. Kress & Co., 398 U.S. 144, 151 (1970)) (A private party can become a state actor when the state has delegated power that is traditionally exclusive to the state, where there is willful participation of joint unconstitutional activity, and where there is a pervasive entwinement between the state and the party); see Lugar,

457 U.S. at 937 (alleging deprivation must be fairly attributable to state). A property manager merely reporting information to a police officer does not thereby become a state actor exposing herself to suit under § 1983.

As for a § 1983 action against Officer Weets, this case represents the third time Johnson has filed such an action in this Court.[2] Indeed, Johnson filed eight related claims all dismissed.[3] Each time, including with regard to this complaint, Johnson's allegations fall well short of pleading a viable § 1983 action against Officer Weets or the Brookings Police Department arising out of his arrest in Brookings. Indeed, Johnson's allegations against Officer Weets and the Brookings Police Department in the complaint in this case are more terse than in many of his prior complaints.

### III. Motion to Appoint Counsel

Johnson moves to appoint counsel. Doc. 4. Because this Court has dismissed Johnson's complaint, his motion to appoint counsel, Doc. 4, is denied as moot.

### IV. Motion to Appeal without Prepayment of Fees

Johnson filed a motion to appeal without prepayment of fees, Doc. 3, but has not filed a notice of appeal. Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)).

---

[2] Johnson has sued Officer Weets twice before. 18-CV-4165-RAL, Doc. 8 at 6 (dismissed for failure to plead facts to support custom liability); 18-CV-4100-RAL, Doc. 6 at 5 (dismissed due to failure to state a claim against Officer Weets in his official capacity).

[3] See 18-CV-4164-RAL; 18-CV-4165-RAL; 18-CV-4166-RAL;18-CV-4098-RAL; 18-CV-4099-RAL; 18-CV-4100-RAL; 18-CV-4138-RAL; and 18-CV-4140-RAL.

First, the Court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Because Johnson has not filed a notice of appeal, this Court can not assess whether his appeal is taken in good faith, thus, Johnson's motion to appeal without repayment of fees, Doc. 3, is denied without prejudice to refiling.

V.     **Order**

This Court finds that Johnson's complaint fails to state a claim upon which relief may be granted. Johnson's complaint is dismissed without prejudice and judgment will be entered in favor of the defendants. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that Johnson's motion to proceed in forma pauperis, Doc. 3, is granted and his initial filing fee is waived. It is further

ORDERED that the institution having custody of Johnson is directed that whenever the amount in Johnson's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Johnson's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1), Johnson's complaint, Doc. 1, is dismissed without prejudice for failure to state a claim upon which relief can be granted. It is further

ORDERED that this action constitutes a strike against Johnson for purposes of the three-strike rule under 28 U.S.C. § 1915(g). It is further

ORDERED that Johnson's motion to appoint counsel, Doc. 4, is denied as moot. It is finally

ORDERED that Johnson's motion to appeal without prepayment of fees, Doc. 3, is denied without prejudice to refiling.

DATED January 21st, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE